**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MATTHEW HANSEN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.  15-3987 |
| BOROUGH OF BRIDGEPORT and | : | |
| BRIDGEPORT POLICE DEPARTMENT, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                         January 5, 2016

     Currently pending before the Court is the Motion to Dismiss by Defendants Borough of

Bridgeport and Bridgeport Police Department (collectively, "Defendants") pursuant to Federal

Rule of Civil Procedure 12(b)(6).  For the following reasons, the Motion to Dismiss is granted in

part and denied in part.

**I.      FACTUAL BACKGROUND**

     Plaintiff Matthew Hansen ("Plaintiff") is a resident of King of Prussia, Pennsylvania.

(Compl. ¶ 2.)  Plaintiff was born in July, 1971.[1]  (Id. ¶ 8.)  Defendant Borough of Bridgeport is a

municipal corporation existing under the laws of the Commonwealth of Pennsylvania.  (Id. ¶ 3.)

Plaintiff alleges that Defendant Bridgeport Police Department is a municipal corporation existing

under the laws of the Commonwealth of Pennsylvania.  (Id. ¶ 4.)  Defendants are "employers"

within the meanings of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

("ADEA"), and corresponding Pennsylvania law.  (Id. ¶ 5.)

---

[1] For privacy purposes, the Court has omitted the complete date of Plaintiff's birth.

Plaintiff alleges that he was discriminated against on the basis of his age.  (Id. ¶ 9.)
Plaintiff was employed by Defendants as a police officer, with the rank of patrolman, from
September 11, 2001 until January 14, 2013.  (Id. ¶ 10.)  On or about January 14, 2013,
Defendants discharged Plaintiff from his employment, but refused to provide Plaintiff with a
reason for his discharge.  (Id. ¶ 11.)  Approximately one month before Plaintiff was discharged,
Defendants hired two part-time patrolmen who were significantly younger than him.  (Id. ¶ 12.)
Plaintiff believes and avers that Defendants' termination of his employment was an adverse
action taken by Defendants due to Plaintiff's age, and that if he were younger, he would not have
been fired.  (Id. ¶ 13.)  Plaintiff filed a timely charge of age discrimination with the United States
Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue
on April 20, 2015.  (Id. ¶ 14.)

Plaintiff initiated the present litigation by filing a Complaint on July 17, 2015.
Defendants filed a Motion to Dismiss the Complaint on August 24, 2015.  Plaintiff filed a
Response in Opposition to the Motion to Dismiss on September 24, 2015.  The Motion is now
ripe for judicial consideration.

## II.     STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has
not stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v.
United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atlantic Corp. v. Twombly, 550 U.S.
544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide
the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will not do."  Id. at 555.  Following
these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently

defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'") (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the

plaintiff."  Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).  Finally, the

court must "determine whether, under any reasonable reading of the complaint, the plaintiff may

be entitled to relief."  Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III.   DISCUSSION

Defendants move to dismiss Plaintiff's Complaint in its entirety for failure to state a

claim under Rule 12(b)(6).  Having considered the Complaint and the parties' briefs, the Court

finds that Plaintiff has sufficiently stated age discrimination claims against Defendants pursuant

to the ADEA and the Pennsylvania Human Relations Act ("PHRA"), and denies Defendants'

Motion to Dismiss with respect to those claims.  Defendants' Motion to Dismiss is also denied

with respect to Plaintiff's inclusion of the Bridgeport Police Department as a defendant.

Defendants' Motion is granted with respect to the emotional distress damages Plaintiff alleged in

connection with his ADEA claim in Count One.

### A.  Count One: Age Discrimination

In Count One, Plaintiff avers that, upon information and belief, "[D]efendants

discriminated against [P]laintiff on the basis of his age, in the terms and conditions of his

employment, resulting in wrongful termination."  (Id. ¶ 16.)  As a result, Plaintiff has suffered

and may continue to suffer financial loss.  (Id. ¶ 17.)  Plaintiff alleges further that he "has

suffered and may continue to suffer non-economic loss, including but not limited to emotional

distress."  (Id. ¶ 18.)

The ADEA provides that "[i]t shall be unlawful for an employer to fail or refuse to hire

or to discharge any individual or otherwise discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's age."

29 U.S.C. § 623(a)(1).  "In an ordinary employment termination case under the ADEA to

4

establish a prima facie case of age discrimination at the first step of the <u>McDonnell Douglas</u>

burden shifting framework a plaintiff must show that he or she: (1) was a member of the

protected class, i.e., was over 40 [years old], (2) was qualified for the position, (3) suffered an

adverse employment decision, and (4) ultimately was replaced by a person sufficiently younger

to permit an inference of age discrimination." <u>Monaco v. Am. Gen. Assur. Co.</u>, 359 F.3d 296,

300 (3d Cir. 2004); <u>see also</u> <u>Cellucci v. RBS Citizens, N.A.</u>, 987 F. Supp. 2d 578, 586 (E.D. Pa.

2013) ("It is well settled that, to succeed on a claim of discrimination under the ADEA, a

plaintiff must show that her age 'actually played a role' in the employer's decision-making

process 'and had a determinative influence on the outcome.'") (quoting <u>Hazen Paper Co. v.</u>

<u>Biggins</u>, 507 U.S. 604, 610 (1993)).

Defendants urge the dismissal of Count One because Plaintiff's Complaint did not

satisfactorily allege facts on which to make an inference of age discrimination.  (Defs.' Mem.

Supp. Mot. Dismiss 3–4.)[2]  Plaintiff responds that while he has not alleged the actual ages of his

"replacements," he has alleged that they were sufficiently younger than him such that an

inference of discrimination is permitted and the pleading requirements are satisfied.  (Pl.'s Resp.

Opp'n Mot. Dismiss 1.)[3]   Plaintiff also asserts that Defendants' refusal to provide him with the

reason for his discharge raises an inference that their motives in discharging him were wrongful.

(<u>Id.</u> at 2.)   According to Plaintiff, this refusal "leaves him with no option to establish the truth

---

[2] Defendants did not number the pages of their Memorandum of Law, so the Court has
supplied the numbering.

[3] Plaintiff did not number the pages of his Memorandum of Law, so the Court has
supplied the numbering.

unless he is permitted discovery under the Rules of Civil Procedure." (Id.)  Plaintiff also now argues that the younger employees were treated more favorably.[4] (Id.)

While it is a close question, the Court finds that Plaintiff has sufficiently alleged—albeit barely—a claim of age discrimination pursuant to the ADEA.  Plaintiff was over forty years old at the time of his discharge; presumably was qualified for the position in which he had been employed; was discharged from employment; and has alleged that the two part-time police officers who were hired just prior to his discharge were sufficiently younger than him such that an inference of discrimination is permitted.  Accordingly, Defendants' Motion to Dismiss with respect to Count One is denied.

### B. Count Two: Violation of Pennsylvania Law

In Count Two, Plaintiff alleges that, upon information and belief, "in discriminating against [P]laintiff based upon [his] age, [D]efendants caused [P]laintiff damage, in violation of the anti-discrimination provisions of Pennsylvania law, including the Human Relations Act, 43 P.S. §§ 951–963." (Id. ¶ 20.)

The Pennsylvania Human Relations Act ("PHRA") states that "[t]he opportunity for an individual to obtain employment for which he is qualified . . . without discrimination because of . . . age is hereby recognized as and declared to be a civil right which shall be enforceable as set forth in this act."  43 Pa. Con. Stat. § 953.  The PHRA defines "age" as including "any person forty years of age or older . . . ."  43 Pa. Con. Stat. § 954(h).  The PHRA provides that "[i]t shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification . . . [f]or any employer because of the . . . age . . . of any individual . . . to discharge from

---

[4] Plaintiff did not allege disparate treatment on the basis of his age in the Complaint, nor did he assert a disparate treatment claim as part of the Complaint.  Thus, the Court does not address that argument in connection with Defendants' Motion to Dismiss.  Should Plaintiff wish to assert a disparate treatment claim against Defendants, he may seek leave to file an Amended Complaint.

employment such individual . . ., if the individual . . . is the best able and most competent to perform the services required."  43 Pa. Con. Stat. § 955.  "If the court finds that the respondent has engaged in or is engaging in an unlawful discriminatory practice charged in the complaint, the court shall enjoin the respondent from engaging in such unlawful discriminatory practice and order affirmative action which may include, but is not limited to, reinstatement or hiring of employe[e]s, granting of back pay, or any other legal or equitable relief as the court deems appropriate."  43 Pa. Con. Stat. § 962.

Defendants argue that Count Two should be dismissed because Plaintiff did not sufficiently allege facts on which an inference of age discrimination may be based.  (See Defs.' Mem. Supp. Mot. Dismiss 3–4 (asserting that "the Complaint does not raise an inference of age discrimination and both ADEA and PHRA claims in the pleading should consequently be dismissed).)  Plaintiff did not address Defendants' Motion to Dismiss with respect to Count Two, but the Court presumes that Plaintiff would apply the same arguments stated in his Response in Opposition with respect to Count One.

Having found that Plaintiff has sufficiently stated a claim for age discrimination pursuant to the ADEA, the Court also finds that Plaintiff has sufficiently stated a claim for age discrimination pursuant to the PHRA.  Accordingly, Defendants' Motion to Dismiss Count Two is denied.

### C.  Whether the Bridgeport Police Department Is a Proper Party in Suit

Defendants next assert that, as a municipal police department, Bridgeport Police Department is not a separate entity from Bridgeport Borough and must therefore be dismissed from Plaintiff's suit.  (Defs.' Mem. Supp. Mot. Dismiss 4–5.)  Plaintiff denies Defendants' assertion, because "Bridgeport Police Department may be a separate entity from the Borough of

Bridgeport, as evidenced by the defense under the name, 'Bridgeport Police Department" of a related unemployment compensation claim filed by Plaintiff."  (Pl.'s Answer to Defs.' Mot. Dismiss ¶ 4 (citing Ex. A, Notice of Hearing from the Pennsylvania Unemployment Compensation Board of Review).)  According to Plaintiff, this issue of fact should not be resolved as part of a motion to dismiss, as no discovery has yet been taken on this issue, and because "[i]t may well be that the two entities are one and the same, but that is not apparent to [P]laintiff and it could be prejudicial to his rights if the Bridgeport Police Department were dismissed from the case at this early stage."  (Pl.'s Resp. Opp'n Mot. Dismiss 2.)

At this stage of the proceedings, the parties have not submitted sufficient documentation for the Court to determine whether the Bridgeport Police Department is properly included as a defendant in this case.  Accordingly, Defendants' Motion to Dismiss the Bridgeport Police Department as a defendant is denied without prejudice to Defendants' ability to again seek dismissal of the Bridgeport Police Department from this case.

### D.  Plaintiff's Claims for Damages Pursuant to the ADEA

Defendants argue that, to the extent Plaintiff is claiming emotional distress damages pursuant to his ADEA claim, any such damages claims must be dismissed.  (Defs.' Mem. Supp. Mot. Dismiss 5.)  Plaintiff concedes that he may not collect damages for emotional distress or psychic injury for his ADEA claims, but denies that he cannot recover that type of damages under his state law claim.  (Pl.'s Answer to Defs.' Mot. Dismiss ¶ 5.)

Plaintiff states that he alleged emotional distress in Paragraph Eighteen of the Complaint "because the emotional distress caused by [D]efendants' discriminatory actions have affected his earning power following his discharge."  (Pl.'s Resp. Opp'n Mot. Dismiss 2.)  According to Plaintiff, "proof of emotional distress should be permitted to the extent that it relates to loss of

wages." (<u>Id.</u> at 3.)  In support of his argument, Plaintiff cites to a case which the Court has been unable to locate using the party names, citation, or year that Plaintiff cites to, as no information regarding the court which decided the case is provided.  (<u>See id.</u> at 2 (citing "<u>Rodriquez v. Taylor</u>, 569 A.2d 1231[5] (1977)").)  This case purportedly stands for the proposition that "compensatory relief as measured by lost wages should be awarded pursuant to rules and procedures which reflect and minimize the burdens of uncertainty."  (Pl.'s Resp. Opp'n Mot. Dismiss 2–3.)  Plaintiff also argues that "[a]s to the pendent state law claim, it is settled that damages for emotional distress are recoverable."  (Pl.'s Resp. Opp'n Mot. Dismiss 3.)  In support of that argument, Plaintiff cites <u>Cain v. Hyatt</u>, a case in which a plaintiff was awarded compensatory damages for "mental anguish and humiliation" in connection with his claims pursuant to the PHRA.  <u>Cain v. Hyatt</u>, 734 F. Supp. 671, 686 (E.D. Pa. 1990).  As stated above, the PHRA provides that if a court finds that an employer engaged in discriminatory conduct prohibited by the act, affirmative injunctive relief, as well as "other legal or equitable relief" may be awarded.  <u>See</u> 43 Pa. Con. Stat. § 962(c)(3).  A plurality decision from the Pennsylvania Supreme Court held that "[l]egal or equitable relief' pursuant to the PHRA includes damages for humiliation and mental anguish.  <u>See</u> <u>Pennsylvania Human Relations Comm'n v. Zamantakis</u>, 387 A.2d 70, 73 (1978); <u>but see</u> <u>Hoy v. Angelone</u>, 720 A.2d 745, 750 (Pa. 1998) (noting that, "as a plurality decision, <u>Zamantakis</u> lacks precedential value.").

In light of Plaintiff's concession that he may not assert emotional distress damages in connection with his ADEA claim, that portion of Defendants' Motion to Dismiss is granted.  As to Plaintiff's state law age discrimination claim, his allegation that "[D]efendants caused

---

[5] Searching for this citation returns <u>Attorney Grievance Comm'n of Maryland v. Korotki</u>, 569 A.2d 1224, 1231 (Md. 1990).

[P]laintiff damage" does not specifically include or exclude emotional distress damages.  (See Compl. ¶ 20.)  Defendants did not move to dismiss any particular category of damages in connection with Plaintiff's PHRA claim in Count Two, and therefore the Court does not make any finding with respect to the types of damages Plaintiff may seek pursuant to that claim.

IV.    **CONCLUSION**

In light of the foregoing, Defendants' Motion to Dismiss is granted in part and denied in part.  Specifically, Defendants' Motion is denied with respect to Plaintiff's ADEA claim in Count One and his PHRA claim in Count Two, denied without prejudice with respect to Plaintiff's inclusion of the Bridgeport Police Department as a defendant, and granted with respect to Plaintiff's claim for emotional distress damages in Count One.

An appropriate Order follows.